IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHRISTI GORDON,**

       **Plaintiff,**

vs.                                                                             **No.  08cv0195 DJS/LFG**

**UNITED STATES DEPARTMENT
OF AGRICULTURE, by and through
Ed Schafer, United States Secretary
of Agriculture,**

       **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Subject to Stipulated Agreement **[Doc. No. 29],** filed on October 27, 2008.  On February 23, 2008, Plaintiff filed her Complaint for Violations of the Privacy Act (Doc. No. 1) in relation to her employment with the United States Forest Service, requesting damages for refusal to allow access and inspection of [her] Official Personnel File (OPF) and damages for retaliation against [her] for requesting access to her OPF.  Compl. ¶¶28, 31.  Plaintiff also requested amendment of her OPF because she suspected Defendant had "impermissibly altered and/or had items included in [her] OPF] that [were] not properly included in an OPF."  *Id.* ¶35.

      On June 27, 2008, the Honorable Lorenzo Garcia entered a Scheduling Order (Doc. No. 13), setting discovery in this case on a 150-day track.  On September 24, 2008, Judge Garcia held a status conference (Doc. No. 20).  At that time, Plaintiff was represented by counsel.  At the conference, Defendant represented to the Court that it would provide a copy of Plaintiff's

OPF, both a hard copy and an electronic version.  Defendant offered to provide Plaintiff and her counsel the opportunity to inspect and compare the two versions.  Defendant made this offer because, although Plaintiff had received a copy of her OPF prior to the filing of her lawsuit, she felt it was not the entire file.  Defendant stated it would provide three copies of the file, a hard copy, a printout of the electronic version, and online access.  Defendant agreed Plaintiff and her counsel could inspect the files on October 1, 2008.  Once the parties agreed on a date, Judge Garcia pointed out that since Plaintiff was not seeking damages, only access to all versions of her file, the lawsuit could be dismissed.  Plaintiff's counsel did not object to Judge Garcia's suggestion.

On October 1, 2008, Plaintiff wrote to Defendant's counsel, informing him of her decision to terminate her attorney (Doc. No. 22; Ex. 1).  Plaintiff further requested her counsel not attend the October 1, 2008 inspection of her OPF.  On the same day, Plaintiff's counsel filed an Unopposed Motion to Withdraw as Counsel for Plaintiff (Doc. NO. 22).  On October 2, 2008, the Court entered its Order granting Plaintiff's counsel's motion to withdraw.

On October 21, 2008, Judge Garcia held a telephonic status conference (Doc. No. 28).  Plaintiff appeared *pro se* for this conference.  Defendant's counsel informed Judge Garcia he had provided Plaintiff with a hard copy and an electronic copy of her OPF.  Defendant's counsel also stated Plaintiff was present and witnessed the copying of her OPF.  Plaintiff claimed she found discrepancies between the OPF hard copy and the electronic copy.  First, Plaintiff claimed the OPF hard copy ended in January 2006.  Plaintiff also claimed "the paper record [was] fatter than the electronic one."  Judge Garcia explained the "paper records" ended when the agency made the transition from paper to electronic records and when records are transferred to electronic

version they are supposed to take up less space.  Defendant's counsel concurred with the Court's explanation.

Nonetheless, Plaintiff requested an extension of the discovery deadlines.  Judge Garcia found no grounds to grant the extension and denied Plaintiff's request.  Judge Garcia also pointed out that Plaintiff's original claim was for inspection of her OPF.  Because Defendant had provided Plaintiff with the opportunity to inspect her OPF file and received copies of her OPF, Judge Garcia suggested the parties submit a stipulation of dismissal without prejudice.  Judge Garcia also noted Plaintiff had not made a claim for damages.  Plaintiff disagreed and explained she had made a claim for damages in a document filed on June 30, 2008.  Judge Garcia consulted the docket sheet and found no document filed on that date.  Plaintiff requested until October 27, 2008, to decide whether she would agree to dismissal of her lawsuit.

On October 27, 2008, Plaintiff filed the instant motion, Motion to Dismiss Subject to Stipulated Agreement (Doc. No. 29).  In this document, Plaintiff continues to allege "Defendant has not provided complete, accurate, and reconciled paper OPF and electronic OPF for Plaintiff's service history through retirement."  Pl.'s Mot. to Dismiss at 7.  Plaintiff also continues to request her paper OPF be reconciled with her electronic OPF.

On November 10, 2008, Defendant filed its response (Doc. No. 31) and asserted the Forest Service had provided Plaintiff with a complete copy of her "hard copy" OPF on **April 26, 2006**.  On **September or October 2006**, in response to Plaintiff's Freedom of Information Act/Privacy Act request, the Forest Service attempted to provide Plaintiff with a copy of her electronic OPF.  Additionally, on **October 20, 2006**, the Forest Service offered Plaintiff an additional copy of her electronic OPF.  Plaintiff refused to accept the copy.  On **October 1. 2008**, pursuant to an agreement between the parties' counsel and at the direction of the Court,

3

Defendant produced Plaintiff's original hard copy of her OPF at the offices of the United States Attorney. Defendant provided a computer terminal to Plaintiff. Under the supervision of a Human Resources Employee from the Forest Service, Plaintiff was allowed access to her electronic OPF. At this time, a complete printout and copy of Plaintiff's entire electronic OPF was printed under Plaintiff's direct supervision and given to her. Finally, Defendant objects to the Court awarding any damages "as none were sought in the original complaint." Def.'s Resp. at 3.

On November 24, 2008, Judge Garcia held another status conference (Doc. No. 33). At that time, Plaintiff claimed she had requested damages in her Complaint and the right to amend the record. However, at the Rule 16 scheduling conference, Plaintiff's counsel represented to the Court and opposing counsel that Plaintiff was not seeking damages, only access to her OPF. Relying on this representation, Judge Garcia advised Plaintiff that the only issue before the Court was the inspection of her OPF file. Accordingly, Judge Garcia made clear that there was no issue to try and suggested the parties agree to dismissal of Plaintiff's lawsuit. Plaintiff agreed to a stipulated dismissal without prejudice. Judge Garcia also advised Plaintiff that she could file another lawsuit and pursue her claims for damages and record correction or to assert any new claims she may have.

On November 26, 2008, Judge Garcia sent a letter to the parties informing them he had reviewed Plaintiff's Complaint after the November 24, 2008 status conference and found Plaintiff had asserted a claim for damages in her Complaint. *See* Doc. No. 34. Judge Garcia informed Plaintiff she could "proceed on a damage claim" or proceed with a stipulated dismissal without prejudice and then "re-file a new claim for damages." *Id*.

In the present motion, Plaintiff alleges "she has been subjected to fierce retaliation and harassment, adverse treatment, and disparate treatment regarding her requests to inspect, and to correct as necessary her OPF and associated records." Pl.'s Mot. Dismiss at 7.  Nonetheless, Plaintiff contends she "now believes these allegations would be more appropriately addressed in other legal and administrative forums." *Id.*  However, Plaintiff requests "Count I Damages" for Defendant's "intentional or willful manner in repeated denials of access to, and corrections and reconciliation of, [her] OPF." *Id*. at 9.

The Court will set this case for a hearing to address Count I of Plaintiff's Complaint (Damages for Refusal to Allow Access and Inspection of OPF).   Accordingly, this case is set for hearing on April 1, 2009, at 11:00 a.m.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**